United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

        Case No. 21-cr-20610

v.

        Hon. Mark A. Goldsmith

D-1 Chauncey Williams,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, D-1 Chauncey Williams, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Count 1 and Count 11 of the Indictment. Count 1 charges the defendant with conspiracy to commit wire fraud under 18 U.S.C. § 1349. Count 11 charges the defendant with aggravated identity theft under 18 U.S.C. § 1028A(a)(1).

**2.     Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 –<br><br>Conspiracy to Commit Wire Fraud | Term of imprisonment: | Up to 20 years |
|---|---|---|
| | Fine: | $250,000 |
| | Term of supervised release: | Up to three 3 years |
| Count 11 –<br><br>Aggravated Identity Theft | Term of imprisonment: | Mandatory 2 years, consecutive to any other term of imprisonment |
| | Fine: | $250,000 |
| | Term of supervised release: | Up to 1 year |

The defendant understands that Count 11 requires a mandatory minimum sentence of 24 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum. The defendant further understands that his sentence of imprisonment

on Count 11 *must* run consecutively to his sentence of imprisonment on any other counts of conviction.

**3.      Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 2, Count 3, Count 4, Count 13, Count 40, and Count 67. Counts 2, 3, and 4 charge the defendant with wire fraud pursuant to 18 U.S.C. § 1343. Counts 13 and 67 charge the defendant with inducing a false statement in the purchase of a firearm under 18 U.S.C. §§ 2, 922(a)(6). And Count 40 charges the defendant with possession of a stolen firearm under 18 U.S.C. § 922(j).

**4.      Elements of Counts of Conviction**

The elements of Count 1 are:

(1) That two or more persons conspired, or agreed to commit the crime of wire fraud, as charged in the Indictment; and

(2) The defendant knowingly and voluntarily joined the conspiracy.

The elements of Count 11 are:

(1) The defendant committed the felony violation charged in Count 1 of the Indictment. The violation charged in Count 1 is a felony violation listed in the statute;

(2) The defendant knowingly transferred, possessed, and/or used a means of identification of another person without lawful authority;

(3) The defendant knew the means of identification belonged to another person; and

(4) The transfer, possession, and/or use was during and in relation to the crime charged in Count 1.

5.     **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

<u>Count 1</u>

Beginning in or around November 2020, and continuing until at least in or around February 2021, D-1 Chauncey Williams participated in a scheme to obtain and use stolen credit card information to purchase firearms from online retailers. The defendant carried out the scheme by enlisting straw purchasers to retrieve the firearms in person from local federally licensed firearm dealers (FFLs) in exchange for compensation.

Once obtained, the defendant either personally possessed the stolen firearms or sold them on the street for a profit.

Williams functioned as a leader or organizer in this scheme. Williams and the other leaders of this scheme—D-2 Antonio Jackson and D-3 Mike Chahoua—purchased stolen credit card information online, including the 16-digit credit card number, Card Verification Value (CVV), expiration date, and cardholder name and billing address. Williams, Jackson, and Chahoua frequently shared this stolen credit card information with one another via text message in furtherance of their fraudulent scheme.

Once Williams, Jackson, and Chahoua obtained and shared this stolen credit card information, Williams and his co-conspirators solicited straw purchasers—D-4 Bishop Allen, D-5 Garcia Moses, D-6 Donte Turner, D-7 Reginald Small, D-8 Eshon Rose, D-9 James Jackson, and D-10 Emmanuel Stevens—to purchase firearms from three different online firearm retailers using the stolen credit card information. Williams and his co-conspirators listed the straw purchasers as the purchasers of the firearms in the online orders. Once an online order was complete and the online retailer shipped the

firearm, Williams then directed the straw purchasers to go in-person to local FFLs, located within the Eastern District of Michigan, to pick up the firearms. When they did, the straw purchasers completed an ATF Form 4473 in which they represented that they were the actual purchasers of the firearms and failed to disclose that the online purchase was made with stolen credit card information. Once the transactions were complete, Williams and his co-conspirators then gave some of the firearms to the straw purchasers as payment for their participation in the fraudulent scheme, and kept the remaining firearms to either possess or re-sell. Williams and his co-conspirators successfully obtained at least fifty-five (55) firearms in this manner.

### Count 11

On January 29, 2021, and in furtherance of this scheme, Williams sent Chahoua a text message asking for "a piece," referring to stolen credit card information which could be used for an online transaction. Chahoua responded by sending Williams, via text message, the credit name, address, and credit card information for N.G. Chahoua attempted to use this credit card number to purchase a CMMG Banshee firearm Online Firearm Retailer 2 (OFR-2) on January 29, 2021. Williams

attempted to use this credit card number to purchase a Century Arms
VSKA AK 47 firearm from OFR-2 on January 30, 2021.

## 6.    Advice of Rights

The defendant has read the Indictment, has discussed the charges
and possible defenses with his attorney, and understands the crimes
charged. The defendant understands that, by pleading guilty, he is
waiving many important rights, including the following:

> A.    The right to plead not guilty and to persist in that plea;

> B.    The right to a speedy and public trial by jury;

> C.    The right to be represented by counsel—and, if necessary,
> have the court appoint counsel—at trial;

> D.    The right to be presumed innocent and to require the
> government to prove the defendant guilty beyond a reasonable
> doubt at trial;

> E.    The right to confront and cross-examine adverse witnesses
> at trial;

> F.    The right to testify or not to testify at trial, whichever the
> defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8.     Defendant's Guideline Range

### A.     Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.     Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer;

obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- USSG § 2K2.1(a)(7) – The base offense level for this offense is 12

- USSG § 2K2.1(b)(1)(C) – The defendant was responsible for purchasing and/or causing between 25 – 100 firearms to be purchased as part of the charged scheme

- USSG § 2K2.1(g)(4)(A) – The firearms purchased by the defendant were stolen

- USSG § 2K2.1(b)(5) – The defendant engaged in firearms trafficking

- USSG § 3B1.1 – The defendant was either:

o (a) An organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive—subjecting him to a 4-point increase in his offense level, or

o (b) A manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive—subjecting him to a 3-point increase in his offense level

**D.    Factual Stipulations for Sentencing Purposes**

The parties have no additional factual stipulations for sentencing purposes.

**E.    Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F.    Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9.   **Imposition of Sentence**

   A.   **Court's Obligation**

   The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   B.   **Imprisonment**

      1.   **Recommendation**

   Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the midpoint of the defendant's guideline range as determined by the Court.

      2.   **No Right to Withdraw**

   The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no

right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a

Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Forfeiture

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation(s) of 18 U.S.C. § 1343 and/or 18 U.S.C. § 1349 as charged in Count 1 of the Indictment. This may include the entry of a personal forfeiture money judgment against him in favor of the United States in an amount to be determined by the Court at the sentencing hearing, which is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. § 1349.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or

under the control of the defendant.  To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture of proceeds, firearms and ammunition, and the forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case.  The defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the government.  The defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

The defendant waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing,

and incorporation of the forfeiture in the judgment.  The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement. The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court,

the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.    Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

15.   **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

16.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on January 5, 2024. The

government may withdraw from this agreement at any time before the

defendant pleads guilty.

Dawn N. Ison
United States Attorney


Brandy R. McMillion
Chief, General Crimes Unit
Assistant United States Attorney

Erin L. Ramamurthy
Andrew R. Picek
Assistant United States Attorneys

Dated: September 28, 2023

By signing below, the defendant and his attorney agree that the

defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer

with his attorney. The defendant further agrees that he understands

this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

Paul Stablein
Attorney for Defendant

Chauncey Williams
Defendant

Dated: 1/31/24